NO. 07-00-0573-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 14, 2001

______________________________

LADONNA CAROL COOK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 177TH DISTRICT COURT OF HARRIS COUNTY;

NO. 831191; HONORABLE CAROL DAVIES, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND

Upon a plea of not guilty, appellant Ladonna Carol Cook was convicted by a jury of injury to a child and punishment was assessed by the jury at ten years confinement.  Appellant timely appealed her conviction.  Both the clerk’s record and the reporter’s record have been filed.  Appellant’s brief was due to be filed no later than March 29, 2001, but has yet to be filed.  Also, no motion for extension of time has been filed.  By letter dated May 21, 2001, this Court notified appellant’s counsel, Mr. Donald R. Tonroy, of the defect and also directed Mr. Tonroy to explain to this Court by June 1, 2001, why the brief has not been filed.  Mr. Tonroy did not respond and the brief remains outstanding.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:  

1.   whether appellant desires to prosecute the appeal;

whether appellant is indigent and entitled to appointed counsel;

3. whether counsel for appellant has abandoned the appeal; and

4. whether appellant has been denied effective assistance of counsel given his attorney's failure to file a brief.

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, August 13, 2001.

It is so ordered.

Per Curiam

Do not publish.